NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251165-U

NO. 4-25-1165

IN THE APPELLATE COURT

FILED
February 23, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* W.H., a Minor, | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
|     Petitioner-Appellee, | ) | No. 24JD170 |
|     v. | ) | |
| W.H., | ) | Honorable |
|     Respondent-Appellant). | ) | Donna R. Honzel, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court dismissed the appeal for lack of jurisdiction, finding the
continuance under supervision order following a finding of guilt in a juvenile
delinquency proceeding was not a final, appealable order.

¶ 2    Following a bench trial, respondent, W.H. (born in February 2011), was found

guilty of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2024)) and mob action (*id.* § 25-

1(a)(1)) and sentenced to 12 months of continuance under supervision. On appeal, respondent

argues the State failed to prove he was guilty of mob action because he was not acting together

with other minors as alleged nor pursuant to a common criminal design or agreed-upon course of

action. We dismiss the appeal for lack of jurisdiction.

¶ 3                                   I. BACKGROUND

¶ 4    In July 2024, the State filed a petition alleging respondent was a delinquent minor

in that on or about May 22, 2024, he committed (1) disorderly conduct (*id.* § 26-1(a)(1));

(2) mob action (*id.* § 25-1(a)(1)); and (3) aggravated battery (*id.* § 12-3.05(d)(3)) for his part in a fight at school. In February 2025, the State amended its petition on count III to attempted aggravated battery (*id.* §§ 8-4, 12-3.05(d)(3)) and added two counts for theft (*id.* § 16-1(a)(1)) and mob action (*id.* § 25-1(a)(1)), but voluntarily moved to dismiss these additional counts prior to trial. Count II alleged mob action—which is at issue in this case—and stated respondent "knowingly, by the use of force and violence, disturbed the public peace in that he, while acting together with other students, DS, KW, CH, LR, and KJ engaged in a fight on school grounds." The matter proceeded to a bench trial on May 29, 2025.

¶ 5        The trial court described the evidence and its findings as follows:

"Obviously, the Court is well able to watch and view and see pretty clearly what is on video. What the Court observed was that obviously there's a crowd around waiting to get in. And what is clear is that [respondent] seems to have a conversation with one or two persons next to him, points at someone, and after he points at someone the person closest to him that he appeared to be talking to starts swinging on somebody. [Respondent] waits a second, and apparently the girl next to him was trying to tell him don't jump in. *** So now he and at least three, he and his buddy that he was talking to, I assume a buddy, but the person he was talking to in a fight with at least one of the people, maybe two, it's hard to tell, and he's swinging, he's in the middle of it. When the people that, I guess someone at some point is identified as people who have bullied him in the past. They then approach the fight already in

progress and pulled [respondent] off of the fight and the fight is engaged there. More than one time in the video [respondent] went back at people, at least twice that I recall.

And yeah, the people who pulled [respondent] off of the initial fight that again, right after [respondent] pointed out somebody to the person he's talking to who then begins to swing on people or persons. They are bigger than him and they pulled him off. The fight's on, he's fighting with them, they're fighting with him, and on it goes. [Respondent] probably did get the short end of the stick when it comes to the fighting, but he and the kid who threw the first punch from the video, clearly [respondent] points somebody out and a second later the person he's talking to, one or both of them, are involved in a fight.

Beyond a reasonable doubt, [respondent] is involved in disorderly conduct and mob action."

¶ 6 The trial court found respondent guilty as to disorderly conduct and mob action but not guilty as to attempted aggravated battery.

¶ 7 In June 2025, respondent filed a motion for a new trial, arguing, *inter alia*, the State had failed to prove him guilty beyond a reasonable doubt. The court denied respondent's motion.

¶ 8 Following a sentencing hearing, the trial court sentenced respondent to 12 months of continuance under supervision. The court's written order states respondent was found guilty of disorderly conduct and mob action, "but no adjudication of delinquency or wardship having been

- 3 -

entered nor objections to Supervision made, the Court FINDS that it is in the best interest of the minor to continue this hearing under Section 405/5-615 of the Juvenile Court Act [of 1987 (Juvenile Court Act) (705 ILCS 405/5-615 (West 2024))]."

¶ 9 This appeal followed.

¶ 10 II. ANALYSIS

¶ 11 On appeal, respondent argues the State failed to prove he was guilty of mob action because he was not acting together with other students pursuant to a common criminal design or agreed-upon course of action during a spontaneous schoolyard fight.

¶ 12 We begin by addressing our jurisdiction. Respondent asserts this court has jurisdiction pursuant to "Article VI, Section 6, of the Illinois Constitution [(Ill. Const. 1970, art. VI, § 60)], and [Illinois] Supreme Court Rules 660 [(eff. Oct. 1, 2001)], 603 [(eff. Feb. 6, 2013)], 606 [(eff. Jan. 1, 2026)]." Respondent provides no further explanation. The State does not address jurisdiction in its brief. This court has an independent duty to consider our jurisdiction, "even where a party has not contested the court's jurisdiction to review the matter." *Nwaokocha v. Illinois Department of Financial & Professional Regulation*, 2018 IL App (1st) 162614, ¶ 41.

¶ 13 The Illinois constitution permits parties to appeal a final judgment from a trial court. Ill. Const. 1970, art. VI, § 6. Rule 660(a) permits "[a]ppeals from final judgments in delinquent minor proceedings." Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001). Rule 603 pertains to criminal cases and whether an appellant may directly appeal the matter to the Illinois Supreme Court or may appeal to the appellate court. Ill. S. Ct. R. 603 (eff. Feb. 6, 2013). Rule 606 is procedural and states the requirements for perfecting an appeal. Ill. S. Ct. R. 606 (eff. Jan. 1, 2026). Despite all of the aforementioned citations by respondent, this court is presently proceeding on this matter pursuant to Illinois Supreme Court Rule 660A (eff. July 1, 2018),

which provides "expedited procedures *** from final judgments in delinquent minor proceedings arising under the Juvenile Court Act."

¶ 14       Here, there appears to be no final judgment. Our supreme court addressed this issue in *In re Michael D.*, 2015 IL 119178. There, the respondent, a minor, was found guilty of theft by deception and subsequently sentenced to continuance under supervision. *Id.* ¶¶ 3-4. The respondent was not adjudicated a ward of the court, and he subsequently appealed. *Id.* ¶ 4. The issue before the supreme court was "whether a supervision order entered *after* a finding of delinquency is a final, appealable order." (Emphasis in original.) *Id.* ¶ 13. The court identified the three phases of juvenile delinquency proceedings as

> "the findings phase, the adjudicatory phase, and the dispositional phase. At the findings phase, the trial court conducts a trial and determines whether the minor is guilty. If the court finds the minor guilty, a delinquency finding is made and the court proceeds to the adjudicatory phase. At the adjudicatory phase, the court determines if the minor should be made a ward of the court. If the minor is made a ward of the court, the case then proceeds to the dispositional phase, at which the court fashions an appropriate sentence. [Citation.] The final judgment in a juvenile delinquency case is the dispositional order." *Id.*

The court concluded the continuance under supervision order after a finding of guilt was not a final, appealable order. *Id.* ¶ 29. The court declined the respondent's invitation to amend Rule 660(a) in its decision; instead, it opted to permit the ordinary rulemaking process to address the issue. *Id.* ¶¶ 24-27. Rule 660(a) directly deals with "[a]ppeals from final judgments in delinquent

minor proceedings." Ill. S. Ct. R. 660(a) (eff. Oct. 1, 2001). Rule 660(a) has not been changed since *Michael D.* Section 5-615(1)(b) of the Juvenile Court Act (705 ILCS 405/5-615(1)(b) (West 2014)), which was addressed by the court in *Michael D.*, has also not changed.

¶ 15        The issue of a supervision order after a finding of delinquency arose again a few years later in *In re I.P.*, 2018 IL App (1st) 172122-U. The appellate court followed *Michael D.* and dismissed the appeal for lack of jurisdiction. *Id.* ¶¶ 33, 36. Since *I.P.*, we are not aware of any basis to permit a supervision order following a finding of guilt to be construed as a final judgment.

¶ 16        The record shows respondent was found guilty of disorderly conduct and mob action following a bench trial. The trial court subsequently entered an order of continuance under supervision for 12 months. There was no adjudication of wardship and, thus, there was no dispositional order. As such, there was no final, appealable order entered in this case. Therefore, we lack jurisdiction to consider the merits of respondent's appeal.

¶ 17                        III. CONCLUSION

¶ 18        For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 19        Dismissed.